BLD-218                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1615


NATA S. BOB,

Appellant

v.

DOCTOR KUO; CORRECTIONS CORPORATION OF AMERICA; C. COLLINS,
Warden - Elizabeth ICE Detention Cr..
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-2279)
District Judge:  Honorable Faith S. Hochberg
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
June 10, 2010

Before: RENDELL, CHAGARES and VANASKIE , Circuit Judges

(Opinion filed July 20, 2010)
_____

OPINION
_____

PER CURIAM

    For several weeks in July 2006, Appellant Nata S. Bob was a detainee in the

Elizabeth Contract Detention Facility in Elizabeth, New Jersey, an immigration detention

center which is operated by Corrections Corporation of America ("CCA") pursuant to a contract with the United States Department of Homeland Security, Immigration and Customs Enforcement Branch ("ICE"). Bob filed a <u>Bivens</u>[1] action against CCA, Charlotte Collins (the warden), and Dr. Kuo (an attending physician),[2] alleging that Dr. Kuo deliberately disregarded his medical needs. While in detention, Bob was examined by Dr. Kuo after complaining about pain, swelling, stiffness, and poor range of motion in his hand due to an old, work-related injury. He asked Dr. Kuo to prescribe Celebrex, a medication he took before he was detained that relieves pain and inflammation.[3] Bob alleged that Dr. Kuo refused to prescribe Celebrex due to the risk of serious side affects, explaining that a similar drug, Vioxx, had been withdrawn from the market. Instead, she said that she would prescribe two other anti-inflammatory pain relievers, Motrin and naproxen. After Bob complained that he could not tolerate those drugs, she allegedly told him that he should soak his hand in warm water for relief. On the basis of Dr. Kuo's refusal to prescribe the medication he desired, Bob sought damages from the defendants for their deliberate indifference to his medical needs.

---

[1] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] According to Warden Collins' affidavit in support of the defendants' motion to dismiss, Dr. Kuo was not an employee of CCA and was not under CCA's (or Warden Collins') supervisory authority. Rather, Dr. Kuo was either an employee of ICE or the United States Public Health Services, which were in charge of the health care facility at the detention center.

[3] Bob attached documentation of his injury to his complaint and documentation of his prior use of Celebrex to his motion for summary judgment.

Defendants/Appellees CCA and Collins filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Bob had failed to state facts that would support an Eighth Amendment claim for deprivation of medical care, had failed to assert a cause of action against Warden Collins, and could not make a Bivens claim against the corporate defendant, CCA, as a matter of law. Bob then filed a motion for summary judgment. After reviewing both motions, the District Court dismissed the complaint. The court concluded that Bob's "allegations demonstrate that Dr. Kuo did not violate his rights under the Eighth Amendment," that Bob "made no allegations whatsoever concerning Warden Collins," and that Bivens does not provide a cause of action against a private corporation such as CCA. (See Feb 5, 2010 Order at 2-3). Bob filed this timely appeal.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. In order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

After reviewing the District Court pleadings, the notice of appeal, and the parties'

3

responses, we conclude that Bob's complaint was correctly dismissed for failure to state a claim. There is nothing in the complaint's specific allegations from which we can plausibly infer that the defendants were deliberately indifferent to Bob's serious medical needs. Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Regarding medical mistreatment claims in particular, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also White v. Napoleon, 897 F.2d 103, 108 (3d Cir.1990) (stating that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners are egregious enough to rise to the level of a constitutional violation. White, 897 F.2d at 108-09 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

Bob does not allege that he was intentionally denied medical treatment for his pain. Rather, the allegations contained in the complaint, taken as true, simply assert inadequate treatment because Dr. Kuo would not prescribe the specific medication Bob desired. But Bob's own allegations also reveal a medical reason for Dr. Kuo's refusal to prescribe the requested medication. Bob's disagreement with Dr. Kuo's decision regarding his treatment is not, by itself, sufficient to establish a violation of the Eighth Amendment. See Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("mere disagreement as to the proper medical treatment" does not

4

support a claim of an Eighth Amendment violation).

Furthermore, Bob's complaint contains no allegations regarding Warden Collins. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. Thus, Bob failed to state a claim against Warden Collins. Finally, Bob may not assert a Bivens claim against CCA because it is a private corporation and the Supreme Court has explicitly refused to extend Bivens actions to private corporations. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70-74 (2001).

Accordingly, because we agree with the District Court that Bob's complaint fails to state a claim upon which relief can be granted, we will affirm its order dismissing the complaint under Rule 12(b)(6).